# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD VIETH AND NORMA JEAN VIETH,

    Plaintiffs,

  v.

THE COMMONWEALTH OF PENNSYLVANIA; MARK S. SCHWEIKER, in his official capacity as Governor of Pennsylvania; KIM PIZZINGRILLI, in her official capacity as Secretary of the Commonwealth of Pennsylvania; RICHARD FILLING, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation of the Pennsylvania Department of State; ROBERT C. JUBELIRER, in his official capacity as Lieutenant Governor of Pennsylvania and President of the Pennsylvania Senate; MATTHEW J. RYAN, in his official capacity as Speaker of the Pennsylvania House of Representatives,

    Defendants.

3:CV-01-2439

Civil Action No. _____

FILED
SCRANTON
DEC 21 2001
PER /M/
DEPUTY CLERK

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. The plaintiffs – Richard Vieth and Norma Jean Vieth – have brought this action to enforce voting rights guaranteed to them by the United States Constitution and federal law. As registered voters in the Commonwealth of Pennsylvania, the plaintiffs have exercised, and wish to continue exercising, their right to vote for their preferred candidates for United States Representative from Pennsylvania's Sixteenth Congressional District, both in general elections and in Democratic Party primary elections. As recently released census data demonstrate, however, population shifts during the last decade have now diluted plaintiffs' voting strength and rendered Pennsylvania's congressional districting plan unconstitutional under the rule of "one person, one vote."

## PARTIES

2. Plaintiff Richard Vieth resides at 632 Laurel Lane, Lancaster, Pennsylvania, 17601. Plaintiff Norma Jean Vieth resides at 632 Laurel Lane, Lancaster, Pennsylvania, 17601.

3. Defendants are the Commonwealth of Pennsylvania and officials thereof who have duties and responsibilities under the laws of the Commonwealth to redraw congressional districts in Pennsylvania following the release of population data from each federal decennial census and then to conduct elections

in those districts. Defendant Mark S. Schweiker is the Governor of Pennsylvania. Defendant Kim Pizzingrilli is the Secretary of the Commonwealth and oversees Pennsylvania's electoral process. Defendant Richard Filling is the Commissioner of the Bureau of Commissions, Elections, and Legislation of the Pennsylvania Department of State, which is charged with administering functions related to Pennsylvania's electoral process. Defendant Robert C. Jubelirer is the Lieutenant Governor of Pennsylvania and President of the Pennsylvania Senate. Defendant Matthew J. Ryan is the Speaker of the Pennsylvania House of Representatives. All defendants are sued in their official capacities.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1357, 2201, 2202, and 2284. Venue is proper in this district under 28 U.S.C. § 1391(b).

## BASIS OF CLAIMS

5.      Section 2 of Article I of the United States Constitution, as amended by Section 2 of the Fourteenth Amendment, provides, in part, that "[t]he House of Representatives shall be composed of Members chosen every second Year by the People of the several States" and that "Representatives shall be apportioned

among the several States according to their respective numbers, counting the whole number of persons in each State . . . ." The Equal Protection Clause of Section 1 of the Fourteenth Amendment prohibits any State from "deny[ing] to any person within its jurisdiction the equal protection of the laws." Those provisions create a constitutional guarantee of "one person, one vote" – requiring a State's congressional districts to achieve population equality as nearly as is practicable.

6.  Under Section 2a of Title 2 of the United States Code, the President of the United States is required, every ten years, to transmit to Congress a statement showing the number of persons in each State (as ascertained under the federal decennial census of population) and the number of Representatives to which each State is therefore entitled.

7.  On December 28, 2000, the Secretary of Commerce reported to the President of the United States the tabulation of population for each of the fifty States, including the defendant Commonwealth of Pennsylvania, as determined in the 2000 decennial census. Those population figures show that Pennsylvania is now entitled to only nineteen (19) Representatives in Congress – a decrease of two Representatives since the 1990 census. The census data also show that Pennsylvania's resident population as of April 1, 2000, was 12,281,054 persons,

or slightly more than 646,371 persons for each of the nineteen congressional districts.

8. In March 1992, the Supreme Court of Pennsylvania ordered into effect a congressional districting plan establishing Pennsylvania's twenty-one (21) current congressional districts. According to the 1990 census, the populations of those districts ranged between 565,760 and 565,817 – a total deviation of 57 persons, or less than 0.011% of the ideal population of a district.

9. In Census Bureau Public Law 94-171, the United States Bureau of the Census issued population data covering every county and municipality in Pennsylvania. Those figures show that population shifts during the last decade have generated substantial inequality among Pennsylvania's twenty-one congressional districts, whose populations now range from a low of 515,560 for the First Congressional District to a high of 647,575 for the Sixteenth Congressional District. Thus, the total deviation is now 132,015 persons – more than 2,000 times the deviation that existed a decade ago.

10. According to the latest population data from the United States Bureau of the Census and the Pennsylvania State Data Center, the Sixteenth Congressional District, which contains fast-growing parts of Chester and Lancaster Counties, has significantly increased its population during the last

decade and now contains substantially more than one-nineteenth (1/19) of Pennsylvania's total population. Hence, the Sixteenth District is overpopulated relative to congressional districts elsewhere in the Commonwealth and elsewhere in the Nation.

11. The existing malapportionment of congressional districts in Pennsylvania dilutes the voting strength of plaintiffs in the overpopulated Sixteenth Congressional District, as the weight or value of each plaintiff's vote is less than that of any voter residing in an underpopulated congressional district.

12. In the wake of the 1990 census, when confronted with severely malapportioned congressional districts, the Pennsylvania General Assembly was unable to reach a timely agreement on a new congressional districting map. Although the Census Bureau had released the new reapportionment data in December 1990, legislative stalemate continued into the winter of 1992, when Pennsylvania citizens filed lawsuits seeking to vindicate their voting rights under federal and state law. Even with active judicial intervention, however, deadlines for filing nominating petitions and for delivering absentee ballots had to be reset, and the timing of the 1992 election cycle was disrupted. For the 2002 elections, early guidance from this Court will help prevent any similar delays of the February 19, 2002 opening of the nomination petition circulation period and thus could

spare the Commonwealth of Pennsylvania and its citizens considerable confusion and expense. Moreover, this Court's intervention may be necessary to protect each plaintiff's federal and state rights to cast an undiluted vote for Congress.

### CLAIM I

13. Plaintiffs incorporate by reference Paragraphs 1 through 12.

14. The facts herein alleged constitute a denial or abridgement of the plaintiffs' right to vote for their Representative to the United States Congress, in violation of Section 2 of Article I of the United States Constitution, as amended by Section 2 of the Fourteenth Amendment.

### CLAIM II

15. Plaintiffs incorporate by reference Paragraphs 1 through 14.

16. The facts herein alleged constitute a denial to the plaintiffs of the equal protection of the laws as guaranteed to them by the Equal Protection Clause of Section 1 of the Fourteenth Amendment to the United States Constitution.

### CLAIM III

17. Plaintiffs incorporate by reference Paragraphs 1 through 16.

18.  The facts herein alleged constitute an abridgment of the privileges and immunities of citizenship guaranteed to the plaintiffs by the Privileges or Immunities Clause of Section 1 of the Fourteenth Amendment to the United States Constitution.

## CLAIM IV

19.  Plaintiffs incorporate by reference Paragraphs 1 through 18.

20.  The facts herein alleged constitute a denial or abridgement of the plaintiffs' right to vote as guaranteed to them by Section 1 of the Fifteenth Amendment to the United States Constitution.

## CLAIM V

21.  Plaintiffs incorporate by reference Paragraphs 1 through 20.

22.  The facts herein alleged constitute a deprivation of plaintiffs' rights under Section 1983 of Title 42 of the United States Code.

## CLAIM VI

23.  Plaintiffs incorporate by reference Paragraphs 1 through 22.

24. The facts herein alleged constitute a violation of Section 2c of Title 2 of the United States Code because the number of congressional districts established by the Supreme Court of Pennsylvania in 1992 no longer equals the number of Representatives to which the Commonwealth of Pennsylvania is entitled under federal law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully pray that this Court:

A. Assume jurisdiction of this matter and convene as a three-judge District Court pursuant to Section 2284 of Title 28 of the United States Code;

B. Enter a declaratory judgment that the congressional districting plan that the Supreme Court of Pennsylvania ordered into effect in 1992 violates plaintiffs' rights under the aforesaid provisions of the United States Constitution and federal law;

C. Enjoin permanently the defendants, their officers, agents, employees, attorneys, successors in office, and all persons in active concert or participation with them, from conducting primary or general elections using the 1992

congressional districting plan or any other congressional districting plan that violates the United States Constitution or federal law;

D.  Set a reasonable deadline of February 1, 2002, pursuant to the principles of federalism and comity set forth in *Growe v. Emison*, 507 U.S. 25, 32-37 (1993), for state authorities to enact or adopt a new plan partitioning the territory of the Commonwealth of Pennsylvania into nineteen (19) substantially equipopulous congressional districts, and thus allow the 2002 election cycle to proceed on schedule with the February 19, 2002 beginning of the circulation of nomination petitions, as mandated in 25 P.S. § 2868;

E.  If the state authorities fail to enact or adopt a new, legally valid congressional redistricting plan by that deadline, impose by Court order a new congressional redistricting plan that meets the requirements of the United States Constitution and federal and state law;

F.  Grant plaintiffs their reasonable attorneys' fees, litigation expenses, and court costs; and

G.  Grant plaintiffs any other relief that the Court finds appropriate and equitable.

Respectfully submitted,

*/s/ Donna Walsh*

Daniel T. Brier, Esquire
Donna A. Walsh, Esquire

MYERS, BRIER & KELLY, L.L.P.
Suite 200, 425 Spruce Street
Scranton, PA 18503
(570) 342-6100

Paul M. Smith
Thomas J. Perrelli
Daniel Mach
Brian P. Hauck
JENNER & BLOCK
601 Thirteenth Street, NW
Washington, D.C. 20005
(202) 639-6000

Attorneys for Plaintiffs Richard Vieth
and Norma Jean Vieth

Dated: December 21, 2001

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Vieth and Norma Jean Vieth
632 Laurel Lane
Lancaster, PA 17601

### DEFENDANTS
The Commonwealth of Pennsylvania, Mark S. Schweiker, Kim Pizzingrilli, Richard Filling, Robert C. Jubelirer, Matthew J. Ryan

(b) County of Residence of First Listed Plaintiff __Lancaster County__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel T. Brier, Esquire
Donna A. Walsh, Esquire
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503

Attorneys (If Known)

**3 : CV-01-2439**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
|  | / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | X 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  | / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiffs seek a declaratory judgment that the Commonwealth of Pennsylvania's congressional districting plan violates their rights under the United States Constitution and federal law and an Order permanently enjoining the Defendants from using the current congressional districting plan or any other congressional districting plan that violates the United States Constitution or federal law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  X No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 12-21-01

SIGNATURE OF ATTORNEY OF RECORD  *Donna A. Walsh*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Vieth and Norma Jean Vieth
632 Laurel Lane
Lancaster, PA 17601

## DEFENDANTS
The Commonwealth of Pennsylvania, Mark S. Schweiker, Kim Pizzingrilli, Richard Filling, Robert C. Jubelirer, Matthew J. Ryan

(b) County of Residence of First Listed Plaintiff **Lancaster County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel T. Brier, Esquire
Donna A. Walsh, Esquire
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503

Attorneys (If Known)

**3 CV-01-2439**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | X 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiffs seek a declaratory judgment that the Commonwealth of Pennsylvania's congressional districting plan violates their rights under the United States Constitution and federal law and an Order permanently enjoining the Defendants from using the current congressional districting plan or any other congressional districting plan that violates the United States Constitution or federal law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   X No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE **12-31-01**
SIGNATURE OF ATTORNEY OF RECORD  *Donna A Walsh*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____